COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


MICHAEL ALLEN

MEMORANDUM OPINION[*] BY
v.    Record No. 1201-98-2        JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 25, 2002
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Gail Starling Marshall for appellant.

Stephen R. McCullough, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Michael Allen was convicted in a jury trial of

(1) first-degree murder, in violation of Code § 18.2-32; (2) use

of a firearm during the commission of murder, in violation of Code

§ 18.2-53.1; (3) two counts of malicious wounding, in violation of

Code § 18.2-51; and (4) two counts of use of a firearm in the

commission of malicious wounding, in violation of Code

§ 18.2-53.1.  On appeal, he contends that by failing to provide

the criminal record of a witness until direct examination at

trial, the Commonwealth denied him his right to a fair trial.  In

support of his position, Allen argues (1) that the prosecutor was

under a clear ethical, statutory, and constitutional duty to make

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

timely disclosure of the witness' prior criminal convictions, (2) that the prosecutor acted deliberately and intentionally in violation of his duties and in breach of Allen's constitutional rights, and (3) that the prosecutor's method of "disclosure" was yet another legal violation. Allen sought from the trial court no relief based on these contentions. Thus, his contentions are procedurally barred. Rule 5A:18. We affirm the judgment of the trial court.

Prior to trial, Allen filed a motion for exculpatory evidence that expressly sought, among other things, disclosure of "all felony convictions and convictions of crimes of moral turpitude for any prosecution witnesses on the grounds that such information might affect their credibility or testimony . . . ." No order was tendered or entered on that motion. The Commonwealth informed Allen it would not produce the exculpatory evidence prior to trial because it wanted to protect the names of its witnesses. Prior to the start of trial, the following discussion ensued:

> The Clerk: Is the defendant ready, Mr. Easterly?
>
> Mr. Easterly [Allen's Attorney]: Yes, ma'am. Judge, before the Clerk reads the charges we have a preliminary motion.
>
> The Court: What's that?
>
> Mr. Easterly: Judge, I made a motion for exculpatory evidence in this case. I believe I filed it sometime last week. And, Mr. Wainger [Asst. Commonwealth's Attorney]

-

advised me that the substance of the motion was that I asked for the criminal records of any witnesses and any agreements or anything that might have induced any witness to testify on behalf of the Commonwealth. And, Mr. Wainger told me he would be forthcoming in that information but he would not provide it to me until trial because he did not want to reveal the names of his witnesses.

The Court: I don't think he has to reveal the names of his witnesses.

Mr. Easterly: Well, Judge, I agree with you. I am not entitled to the names of his witnesses but I am entitled to use the exculpatory or potentially exculpatory --

The Court: Well, if you've got a record I think he's supposed to furnish that. And, it's hard to do besides say he has been convicted of a felony.

Mr. Wainger: I complied in every way, Your Honor, with my duties.

Mr. Easterly: Judge, I realize what he is trying to do is protect his witnesses, but without knowing who his witnesses are that information is useless to me. I can't investigate it and I'm certainly not prepared to use it.

The Court: In a criminal case you don't get the witnesses. Sometimes they don't show up if the other side has their names. I have never given names of witnesses.

Mr. Easterly: All right. If you will note my exception.

The Court: All right.

At trial the Commonwealth called as a witness William Page, who testified that Allen shot Ross. The Commonwealth then questioned Page concerning his criminal record. Page initially testified that he had one felony conviction and one misdemeanor

-

conviction involving moral turpitude.  However, upon further questioning by the Commonwealth, Page corrected his testimony as follows:

> Q [Commonwealth]:  Do you have any felonies on your record?
>
> A [Page]:  Yes, I do.
>
> Q:  How many?
>
> A:  I have one felony
>
> Q:  One or two?
>
> A:  Two felonies.
>
>   *      *      *      *      *      *      *
>
> Q:  Okay.  Any misdemeanors involving lying, cheating, or stealing?
>
> A:  I have a misdemeanor.
>
>   *      *      *      *      *      *      *
>
> Q:  Did you have one in '84?
>
> A:  Yes.
>
> Q:  A conviction?
>
> A:  Yes.

Allen did not move for the exclusion of Page's testimony. He did not cross-examine Page concerning the convictions.  He did not move for a continuance.  He did not move for a mistrial. While he complained to the trial court of the Commonwealth's refusal to disclose the witness' criminal record prior to trial, he sought no consequential relief.  Thus, the trial court denied no requested relief.

-

Allen contends on appeal that the Commonwealth violated its duty to make a timely disclosure of Page's prior criminal record, see Brady v. Maryland, 373 U.S. 83 (1963), and that he was prejudiced as a result. He has demonstrated no prejudice. Three other witnesses testified that Allen shot the victim. Furthermore, while Allen complained of the Commonwealth's failure to disclose this information, he sought no relief from the court. Allen never moved to exclude Page's testimony, never moved for a continuance, never moved for a mistrial. He sought no relief from the trial court, save noting his exception for the record. Because he requested no relief, the trial court denied no relief. He has presented to us nothing upon which a claim of trial court error can be based. He cannot seek relief for the first time in this Court. Rule 5A:18. The record presents no basis for invoking the ends of justice exception to the operation of the rule.

The judgment of the trial court is affirmed.

Affirmed.

-